UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

STEFAN THOMAS ALMOND,

                Petitioner,

v.

DIRECTOR, TDCJ-CID,

                Respondent.

No. 5:20-CV-00061-H

## ORDER

In this 28 U.S.C. § 2254 habeas action, Petitioner Stefan Thomas Almond—a state prisoner proceeding pro se and *in forma pauperis*—challenges the Texas Board of Pardons and Paroles's October 2019 decision denying his release to discretionary mandatory supervision. (*See* Dkt. Nos. 1, 2.) Almond claims that the Board violated various constitutional rights during the review process and seeks immediate release to mandatory supervision.

Respondent filed a response in opposition to the petition along with relevant records. Almond filed a reply. However, the Court recently determined that Almond was released to mandatory supervision on September 17, 2020.[1]

After reviewing the parties' pleadings, relevant records, and applicable law, the Court concludes that Almond's petition must be dismissed for lack of jurisdiction. Specifically, the Court concludes that there is no longer a live controversy to adjudicate because Almond's claims are mooted by his release to mandatory supervision. Almond has already been

---

[1] On May 11, 2022, a TDCJ representative in the Huntsville, Texas office advised the Court via telephone that Almond was released to mandatory supervision on September 17, 2020, which is consistent with the TDCJ website and Almond's address change. (*See* Dkt. No. 15.)

released to mandatory supervision, and he fails to allege that he will continue to suffer collateral consequences as a result of the Board's October 2019 denial. Thus, even if the Board violated Almond's continual rights, the Court concludes that it can neither accelerate Almond's release nor provide him any other relief he seeks under Section 2254. *See United States v. Perez-Hernandez*, 711 F. App'x 230, 231 (5th Cir. 2018) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). For these reasons, the Court dismisses Almond's petition for lack of jurisdiction.

Pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), the Court concludes that Almond has failed to show that reasonable jurists would (1) find this Court's "assessment of the constitutional claims debatable or wrong," or (2) find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling," and any request for a certificate of appealability should be denied. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

All relief not expressly granted is denied and any pending motions are denied.

So ordered.

The Court will enter judgment accordingly.

Dated May 25, 2022.

_____
JAMES WESLEY HENDRIX
United States District Judge